## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MFC REAL ESTATE LLC,  :
                                    :
          **Plaintiff**         :
     **v.**                   :    **3:12-CV-01988**
                                      :    **(JUDGE MARIANI)**
**PINECREST DEVELOPMENT**   :
**CORP.** and                      :
**EDWARD P. CARROLL**       :
                                      :
          **Defendants**      :

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Defendants' Motion to Dismiss (Doc. 10). For the reasons set forth below, the Court will grant Defendants' motion but will grant Plaintiff leave to file a Second Amended Complaint.

### II. Background

Plaintiff is MFC Real Estate LLC, a Delaware limited liability company (Am. Compl., Doc. 8, at ¶ 1), and Defendants are Pinecrest Development Corporation ("Pinecrest"), a Pennsylvania corporation, and Edward P. Carroll, a Pennsylvania resident. (*Id.* at ¶¶ 2-3).

On November 6, 2012, Plaintiff filed an Amended Complaint. (*Id.*). Although Count 1 of the Amended Complaint purports to set forth a cause of action predicated on breach of contract (*id.* at 6), it also states that Plaintiff "is entitled to foreclose upon the subject property of the Mortgage to satisfy the amounts owed on the Amended Promissory Note

and Mortgage." (*Id.* at ¶ 35). Moreover, Plaintiff's prayer for relief "demands judgment in mortgage foreclosure . . . ." (*Id.* at 10).

Based on this language, Defendants contend that the present action "is an *in rem* action for mortgage foreclosure." (Defs.' Mem. in Supp., Doc. 14, at 6). Defendants further assert (1) that Plaintiff's *in personam* breach of contract claim "should be stricken or dismissed" as being inconsistent with "this . . . *in rem* action for mortgage foreclosure" (*id.* at 6), (2) that "the Complaint does not allege a cause of action in mortgage foreclosure against" Defendant Carroll; and, therefore, "the Amended Complaint, as it relates to Mr. Carroll, should be dismissed" (*id.* at 8), and (3) that "the [C]omplaint alleges an *in rem* action and, therefore as a matter of law cannot include an *in personam* action against Mr. Carroll." (*Id.* at 9).

In opposition to Defendants' Motion to Dismiss, Plaintiff argues that "[a]lthough the prayer for relief in the Amended Complaint erroneously states that [Plaintiff] demands judgment in mortgage foreclosure action against the Defendant[s], after reading the entire Complaint, it is obvious that the instant action is an action for breach of contract against Pinecrest and Carroll." (Pl.'s Br. in Opp., Doc. 19, at 12-13). In the event that the Court finds the Amended Complaint legally deficient, Plaintiff requests leave to amend. (*Id.* at 13).

### III. Motion to Dismiss

To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), a plaintiff must state a "'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009)

2

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)). FED. R. CIV. P. 8(a)(2) requires only that a pleading contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).

"The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). In addition, "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *In re New Jersey Title Ins. Litigation*, 683 F.3d 451, 462 (3d Cir. 2012). "The Rule 15(a) factors include undue delay, bad faith, prejudice, or futility." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230-31 (3d Cir. 2011) (internal citation and quotation marks omitted).

## IV. Analysis

On its face, it is unclear whether Plaintiff's Amended Complaint asserts a mortgage foreclosure claim or breach of contract claim (or both). (Doc. 8). Defendants contend that the complaint sets forth only mortgage foreclosure cause of action. (Defs.' Mem. in Supp., Doc. 14, at 6-9). Plaintiff states that its references to mortgage foreclosure were "erroneously" included and that it only intended to assert a breach of contract claim. (Pl.'s Br. in Opp., Doc. 19, at 12-13).

3

"[U]nder Pennsylvania law, '[a]n action in mortgage foreclosure is strictly an *in rem* action and may not include an *in personam* action to enforce personal liability." *In re Factor*, 243 F. App'x 680, 682 (3d Cir. 2007) (quoting *Insilco Corp. v. Rayburn*, 543 A.2d 120, 123 (Pa. Super. Ct.1988)). Furthermore, "where a party fails to follow Pennsylvania procedural rules and seeks both *in rem* and *in personam* relief, the latter is only available if the mortgagor . . . 'waives any objection to the inclusion of the assumpsit action for a personal judgment in the mortgage foreclosure proceeding.'" *Id.* (quoting *Insilco Corp.*, 543 A.2d at 123). Defendants have not waived any objections to *in personam* relief, and so Plaintiff cannot simultaneously assert both a breach of contract claim and mortgage foreclosure claim. As such, the Court must dismiss Plaintiff's breach of contract claim.

However, Plaintiff states the Amended Complaint's references to mortgage foreclosure were "erroneous[]" (Pl.'s Br. in Opp., Doc. 19, at 12-13) and has requested leave to amend. Because Plaintiff timely requested leave to amend and Defendant would not be prejudiced by the proposed amendments, the Court will grant Plaintiff leave to amend.

## V. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss (Doc. 10) but also will grant Plaintiff leave to file a Second Amended Complaint. A separate Order follows.

Robert D. Mariani
United States District Judge

4